## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Cr. No. 20-174** |
| **v.** | ) | |
| | ) | |
| **NICHOLAS LUCIA,** | ) | |
| | ) | |
| **Defendant** | ) | |

### PARTIES' JOINT STATEMENT OF POSITIONS
### WITH RESPECT TO SENTENCING FACTORS

COMES NOW,  the government and Nicholas Lucia, by and through their respective counsel, and pursuant to 18 U.S.C. §3553(a), Fed. R. Crim. P., Rule 32 and Local Rule 32(c)(4) respectfully files the within Positions With Respect to Sentencing Factors, in support of which it is averred that:

1.  The parties' plea agreement was fully disclosed in open court at the change of plea hearing on December 21, 2021, and this Court has indicated its willingness to accept the plea agreement, see Change of Plea transcript, p. 32.  As summarized in ¶¶3-9 of the presentence investigation report and set forth more fully in the written plea agreement, Document No. 48-1, Mr. Lucia agreed to enter a plea to Count One of the federal indictment in exchange for a stipulated federal sentence of two years, and to Count Two of a criminal information filed in Allegheny County Court of Common Pleas in exchange for a stipulated Allegheny County sentence of 10-20 months to run concurrent to the federal sentence.  The Commonwealth of Pennsylvania has agreed that Mr. Lucia shall be paroled upon service of the minimum term, so

that he can be subject to prerelease on the federal sentence, either home confinement or in a residential re-entry facility, under 18 U.S.C. §3624(c).

2.   Under federal law, a judge may impose a sentence concurrent to an anticipated sentence, Setser v. United States, 566 U.S. 231 (2012), so Mr. Lucia's federal sentencing has been scheduled two days before the state court proceeding.   The Allegheny County court has statutory authority to run its sentence concurrent to the federal one under 42 Pa. C.S.A. §9761(b), which permits a Pennsylvania court to indicate in its sentencing order that imprisonment under the authority of another sovereign shall satisfy or be credited against the minimum and maximum time of the Pennsylvania court's sentence.   Defense counsel intends to ask this Court to allow Mr. Lucia to self-report on a date following imposition of the state sentence, so that the effective date of both sentences can be the date of the self-report.

3. The Probation Office calculates the Guidelines as calling for a recommended sentence of 30-37 months based upon a net offense level of "18" and a criminal history category of "II", based upon determinations under §2A2.2 that Mr. Lucia's instruction involved "aggravated assault" with enhancements for "bodily injury" and "use of a dangerous weapon". Counsel for both parties have agreed that, in light of the plea agreement, a joint statement of sentencing positions, articulating the benefits of the plea agreement would be both more constructive and instructive than the traditional adversary approach to sentencing positions.

4.   The parties agree that no guideline expressly covers violations of Title 18, U.S.C. §231(a)(3).   Under §2X5.1 of the U.S. Sentencing Guidelines,, "[i]f the offense is a felony for

which no guideline expressly has been promulgated, apply the most analogous offense guideline.
If there is not a sufficiently analogous guideline, the provisions of 18 U.S.C. §3553 shall control,
except that any guidelines and policy statements that can be applied meaningfully in the absence
of a Chapter Two offense guideline shall remain applicable.

5.   We accepted §2X5.1 as instructional, reached the agreement referenced above in
large part to avoid litigation of several factual and legal issues under the guidelines, all of which
the pre-sentence investigation report would resolve in favor of a sentence for aggravated assault
under §2A2.2.  These issues include at least:

(a) what guideline might be "most analogous" or "sufficiently analogous";

(b) if §2A2.4 (the guideline for obstructing or impeding officers) is found to be
analogous, whether the cross reference at 2A2.4(c)(1) to the aggravated assault
guideline at 2A2.2 applies, notwithstanding the fact that §2A2.4 itself contains an
enhancement for causing bodily injury;

(c) whether application of the aggravated assault guideline under §2A2.2 after
application of the cross-reference creates unwarranted sentencing disparities
under 18 U.S.C. 3553(a)(6) by counting the same factors multiple times or in
multiple ways;

(d) whether a preponderance of the evidence supports a finding that when Mr.
Lucia threw an unspecified, unidentified device toward a line of police officers,
he "used a dangerous weapon";

(e) whether said evidence is sufficient to support a finding that the item thrown
was a "dangerous weapon" under §2A2.2(b)(2);

(f) whether a preponderance of the evidence supports a finding that the officer
sustained a concussion, and;

(g) if so, whether said evidence is sufficient to support a finding of bodily injury
under either §2A2.4(b)(2) or §2A2.2(b)(3)

3

5.   The parties' plea agreement resolves all of theses issues without requiring the Court to engage in prolonged fact-finding or legal analysis.   It yields a term that is slightly higher than the 15-21 month range recommended by direct application of §2A2.4, the guideline for obstructing or impeding officers, and thus takes into consideration the risk of bodily injury that Mr. Lucia's conduct caused, whether or not it did cause such conduct.   Yet, the agreed upon term is slightly lower than the bottom end of the 30-37 month range if the aggravated assault cross-reference were to apply.   The agreement thus negates fact-finding concerning the nature of the item thrown and what, if any, injury was suffered by the officer, as well as extended debate about sentencing disparities under the aggravated assault guideline, at least in cases involving obstruction of officers in the line of duty.   The agreement recognizes the serious addiction issues Mr. Lucia faces, and by running the state sentence concurrently, creates incentives for him to continue his rehabilitation efforts while serving the two terms.   Finally, the agreement resolves not one, but two potentially complex, emotionally charged pieces of criminal litigation—one federal, one state—in largely amicable fashion.   For all of these reasons, it is consistent with the purposes of sentencing under 18 U.S.C. §3553(a)—the key factor under §2X5.1—as the Court recognized when it accepted the agreement during Mr. Lucia's change of plea hearing.

WHEREFORE, defendant respectfully requests imposition of a sentence consistent with the plea agreement and the factors relevant to sentencing under 18 U.S.C. §3553(a).

Respectfully submitted,                              Respectfully submitted,

CINDY CHUNG                                          **/s/Patrick M. Livingston**
UNITED STATES ATTORNEY                               Patrick M. Livingston
                                                     Pa. I.D. No. 44137

BY: **/s/Jonathan D. Lusty**                         A. Kayleigh Shebs
    Jonathan D. Lusty                                Pa. I.D. No. 312207
    Pa. I.D. 311280
                                                     220 Grant Street
                                                     Fifth Floor
                                                     Pittsburgh, Pennsylvania 15219
                                                     (412) 281-9971

                                                     Attorney for Defendant
                                                     Nicholas N. Lucia