IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 20-174 |
| NICHOLAS LUCIA | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Jonathan D. Lusty, Assistant United States Attorney for said District, and respectfully submits this Sentencing Memorandum to the Court:

## I.   INTRODUCTION

On December 21, 2021, the defendant entered a plea of guilty to the one-count Indictment in this case, admitting to obstruction of law enforcement during a civil disorder. The Court has scheduled sentencing in this matter for June 8, 2022. There is a plea agreement in this matter pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), according to which the parties stipulated and agreed that the appropriate sentence in these cases is a term of imprisonment of 24 months, a term of supervised release of three years, no fine, and a special assessment of $100. Additionally, the defendant agreed to plead guilty to Count Two of a state court information at CP-02-CR-0008012-2020 for a sentence of 10 to 20 months. The defendant will plead guilty and be sentenced for that case following the sentencing in the instant federal case, and that sentence will be run concurrently with the federal sentence. The full scope of the plea agreement was set forth in the plea letter and during the change of plea hearing. For the reasons set forth below, the United States submits that a sentence of 24 months is an appropriate and reasonable sentence in

1

this case.

## II.     THE SENTENCING GUIDELINES

The United States Supreme Court has instructed that "district courts *must* begin their [sentencing] analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Peugh v. United States*, 569 U.S. 530, 541 (2013) (quoting *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007)). Sentencing decisions are to be "anchored by the Guidelines," and appellate courts may presume that guideline sentences are reasonable. *Peugh*, 569 U.S. at 541. When considering a sentence outside of the Guideline range, the Court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (citing *Gall*, 552 U.S. at 50) (emphasis added). "For even though the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 552 U.S. at 46 (citing *Rita v. United States*, 551 U.S. 338, 349 (2007)).

As set forth in the Parties Joint Statement of Positions with Respect to Sentencing Factors, the parties agreed that guideline expressly covered the instant offense (*see* Doc. No. 55). In large part to avoid sentencing litigation, the parties reached the plea agreement set forth in the plea letter. The stipulated sentence of 24 months is slightly higher than the potential guideline range of 15 to 21 months that would result from the application of § 2A2.4. The sentence is also slightly lower than the guideline range of 30 to 37 months if the cross-reference to § 2A2.2 would be applied, as set forth in the Presentence Investigation Report. (PSIR ¶¶ 22-32, 71).

## III.    SECTION 3553 FACTORS

The factors cited under Title 18, United States Code, Section 3553(a) support the United States' recommended sentence in this case.

**(1)     18 U.S.C. § 3553(a)(1) – The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

    **a.     The Nature and Circumstances of the Offense**

The defendant's conduct in this case is quite serious. During rioting in downtown Pittsburgh on May 30, 2020, the defendant threw an explosive device towards a group of uniformed Pittsburgh Police officers that were attempting to maintain order during the rioting and looting that occurred in downtown Pittsburgh. The explosive device landed on an officer's chest and was quickly pulled off by another officer. Fortunately, only one officer was injured when he suffered a concussion as a result of being near the explosion.

    **b.     History and Characteristics of the Defendant**

The defendant has a limited criminal history, consisting of three prior adult convictions for possession of marijuana (PSIR ¶ 34), inhalation of toxic chemicals (PSIR ¶ 35), and failure to turn over controlled dangerous substance (PSIR ¶ 36). All of his prior convictions are related to drug use. The defendant was sentenced to pay a fine and costs for each of his prior convictions. In summary, the defendant's conduct, limited criminal history, and his history of drug addiction support a sentence of 24 months of imprisonment in this case.

**(2)     18 U.S.C. § 3553(a)(2)(A) – The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and Provide Just Punishment for the Offense**

Imposition of a sentence of 24 months of imprisonment is necessary in this case to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. The defendant's actions put multiple officers in danger, and the stipulated sentence demonstrates the seriousness of the offense.

**(3)     18 U.S.C. § 3553(a)(2)(B) & (C) – The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes of the Defendant**

Imposition of the stipulated sentence will address both general and specific deterrence. A sentence of 24 months of imprisonment should deter others from engaging in conduct similar to the defendant's conduct. As to specific deterrence, the government respectfully submits that the stipulated sentence will deter the defendant from engaging in future criminal conduct.

Regarding general deterrence, the government commonly creates press releases detailing the sentences that are pronounced in the Western District of Pennsylvania. In this way, the internet and media outlets are able to make the general public aware of the sentences imposed in federal court. The expectation is that other individuals will thereby also be deterred from committing crimes similar to those committed by the defendant.

**(4)    18 U.S.C. § 3553(a)(3), (4) – The Kinds of Sentence and the Sentencing Range Established by the Guidelines**

The Presentence Report accurately states the kinds of sentence that are available and the applicable Guidelines range, and the United States submits that the stipulated sentence is appropriate based on the conflicting interpretations of the Guidelines supported by the parties.

**(5)    18 U.S.C. § 3553(a)(5) – Any Pertinent Policy Statement**

The United States is not aware of any policy statement that would call for a non-Guidelines sentence.

**(6)    18 U.S.C. § 3553(a)(6) – The Need to Avoid Unwarranted Sentence Disparities**

Imposing the stipulated would fulfill the goal of avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

**(7)    18 U.S.C. § 3553(a)(7) – The Need to Provide Restitution to any Victims of the Offense**

Restitution is not applicable in this case.

## IV. CONCLUSION

WHEREFORE, for all of the foregoing reasons, the United States respectfully requests that this Court impose a sentence of 24 months of imprisonment followed by three years of supervised release, as set forth in the plea agreement.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

*/s/ Jonathan D. Lusty*
JONATHAN D. LUSTY
Assistant U.S. Attorney
U.S. Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7367
Jonathan.Lusty@usdoj.gov
PA ID No. 311180